**Miguel Angel Gutierrez ESCOBAR, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–76942.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008 *.

Filed March 27, 2008.

Miguel Angel Gutierrez Escobar, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Thom W. Hussey, Jonathan F. Potter, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

MEMORANDUM **

Miguel Angel Gutierrez Escobar, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision pretermitting his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant in part and deny in part the petition for review and remand.

An intervening change in the law requires us to remand on the issue of continuous physical presence. In *Ibarra–Flores,* we held that administrative voluntary departure under threat of deportation breaks the accrual of continuous physical presence only where the alien is informed of the terms of the departure and knowingly and voluntarily accepts them. *See Ibarra–Flores v. Gonzales,* 439 F.3d 614, 619 (9th Cir.2006); *see also Tapia v. Gonzales,* 430 F.3d 997, 1004 (9th Cir.2005). Because there is no indication that Gutierrez Escobar was informed of the terms of his de-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

parture or that he accepted them knowingly and voluntarily, we remand for further proceedings consistent with *Ibarra–Flores.*

We review constitutional claims de novo. *See Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). Gutierrez–Escobar's contention that the Illegal Immigration Reform and Immigrant Responsibility Act's repeal of suspension of deportation violates equal protection or due process is unpersuasive. *See id.* at 517. ("Line-drawing decisions made by Congress or the President in the context of immigration must be upheld if they are rationally related to a legitimate government purpose."); *see also Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 599 (9th Cir.2002) (holding that the court lacks jurisdiction over challenges to the agency's timing of initiation of proceedings).

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.